CASE-FOWLER LUMBER COMPANY *et al. v.* WINSLETT, tax-collector, *et al.*

No. 6741. July 20, 1929.

*Jones, Jones & Johnston,* for plaintiffs.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general,* and *E. B. Weatherly,* for defendants.

Russell, C. J. Paragraph 66 of section 2 of the general tax act of 1927 is as follows: "Upon every person, firm, or corporation engaged in the manufacture of lumber products of any character, or dealing in lumber or lumber products, whether for themselves or as agents or brokers, in or near cities of 1000 inhabitants

and not more than 10,000, $10.00; in or near cities of more than 10,000 and not more than 20,000 inhabitants, $50.00; in or near cities of more than 20,000 inhabitants, $100.00 for each place of business." The comptroller-general of the State and the tax-collector of Bibb County were endeavoring to collect from the plaintiffs $100.00 as occuptional tax. The plaintiffs filed a petition asking an injunction upon the grounds that they are not liable for the $100 tax, because they are sawmill operators, and the act does not in express terms place a tax on sawmill operators; and that section 66 is illegal, null and void, because the phrase "in or near cities" makes the paragraph vague, uncertain, and indefinite; that "dealing in lumber products" is incapable of definition, and for that reason said paragraph is vague, uncertain, indefinite, and void; that paragraph 66 is a violation of the constitution, art. 7, sec. 2, par. 1, because the classification of manufacturers according to population of towns and cities is unreasonable. The injunction was refused, and the petitioners excepted.

As will be noted, the plaintiffs make several attacks upon the license tax which is sought to be enjoined. We do not deem it necessary to deal with all of these questions. If for any of the reasons asserted the ordinance in question is invalid, the plaintiffs would not be subject to the tax, and the statement of other reasons justifying our conclusions would be superfluous and unnecessary. It is well settled that where a case can be decided without passing upon the constitutionality of a legislative enactment, it is proper to praetermit any ruling upon the constitutionality of the act. And as we think paragraph 66 of section 2 of the general tax act of 1927 is invalid as against an attack which does not involve the constitutional questions raised, we shall place our decision in this case upon the assignment of error alleging that such section is unlawful, null and void, because the words "in or near cities" render the paragraph too vague, uncertain, and indefinite to be capable of legal enforcement. It is a well-settled rule, so ancient as to entitle it to veneration, that statutes levying taxes should be construed most strongly against the government and in favor of the citizen. In the very thoroughly considered case of *Mayor &c. of Savannah* v. *Hartridge, 8 Ga.* 23, in which Judge Lumpkin thoroughly analyzed the subject of taxation, the principle we have just stated was fully expounded. It is interesting to note that

Judge Lumpkin classified taxation "in reference to the subject-matter into three classes—capitation, property, and income; and where one or more is treated of or acted upon, the other is never intended." An occupation tax such as we are now dealing with is included within the term "capitation" as that word is used by the courts. In the *Savannah* case, supra, an additional rule was stated, which must also be taken into consideration in the decision of this case. "Statutes which impose restrictions upon trade or common occupations must be construed strictly." It appears from the evidence in this case that the plaintiffs in error are engaged in the lumber business and sawmilling; they buy timber and cut it into lumber, dressing the lumber and manufacturing a large portion of it into boxes or trimpack for customers in States other than Georgia. Their business may be called one of the common occupations. The evidence shows that the plants of the plaintiffs are without and beyond the corporate limits of the City of Macon. Are they liable to a tax imposed upon any of the persons named in the act, no matter how the nomenclature of these businesses is defined? That their businesses are not located within the corporate limits of the City of Macon is clear and admitted; but in another portion of the act a definition of the word "in" is made, so as to include a distance of one mile beyond the corporate limits of Macon as defined by its charter. However, as the nearest plant of those involved in this case is a mile and a half from the corporate limits, and the plants of the other plaintiffs are at a still greater distance, none of the businesses affected can be said to be "in" the City of Macon as defined by the act itself. So the question arises as to whether the use of the word "near" is a term sufficiently definite and certain that all of the persons included within the class which the General Assembly intended to create and subject to taxation by the use of the words "in or near cities" are so definitely described that each member of the class will be subjected to uniform treatment, because there will be no uncertainty as to the liability which is dependent entirely upon the location of the establishment. There is evidence in the record that the nature of the businesses of the plaintiffs is such that they derive no special advantage by reason of propinquity to Macon, or, indeed, that their particular businesses are not benefited by being near any large city; but the real question is whether the word "near"

(cities) is sufficiently explicit and definite to render this capitation tax capable of legal enforcement, or whether it will not depend in every instance upon the individual opinion and judgment of the tax officer upon whom may devolve the duty of enforcing the act and collecting the tax. To uphold the validity of this statute it is evident that of necessity it would have to be left to the collecting authority to determine what distance in case of each particular business is near the class of cities specified. Two of the rules we have quoted from the decision in the *Savannah* case incline us to the view that similar strictness should be applied in this capitation tax (which imposes a restriction upon a common occupation, and which should be construed most strongly against the government) to that prevailing in the construction of criminal statutes. Nothing is better settled than that a penal law which is of doubtful construction, and in which the act which is denominated as an offense is described in terms so general and indefinite as to make the question of criminality dependent upon the idiosyncrasies of the men who may happen to constitute the court and jury, and of such a nature that honest and intelligent men may differ and are unable to ascertain what particular act it seeks to condemn, is incapable of enforcement, and such a law will be held to be null and void. It would seem that, judged by this rule, the word "near" (cities) is too vague and indefinite to fix definitely the distance from a city in which the business in question would become liable to the tax. If the tax officer in each case must construe the law for himself, there would be no means of arriving at a construction which can be regarded as final, and the limits of the duty imposed upon him must remain unsettled. As said by the Supreme Court of the United States, in James *v.* Bowman, 190 U. S. 144 (23 Sup. Ct. 680, 47 L. ed. 979), "It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of the government."

The power of classification as applied to occupational taxes rests solely in the General Assembly. It is not subject to construction and enforcement as an individual function exercised by a tax official, whether comptroller-general or tax-collector; nor is it sub-

ject to a construction by the courts which may either enlarge or reduce a class created by legislative enactment. In the case at bar the effect of the judgment of the learned trial judge in the lower court is to make a class different from that created by the General Assembly in its exercise of its exclusive power of classification. A legislative classification which includes not only those engaged in a business in a city but also those who are near a city is not the same classification as if the tax affected only those in the specified city. In the tax imposed in the instance now before us, within the legislative contemplation, both those "in" and those "near" the cities referred to were necessary to complete the class. To exclude either those who are in such cities or those who are near such cities is to destroy the classification made by the General Assembly. " 'Near' is an indefinite and vague term of relative signification, whose import can be determined only by the surrounding facts and circumstances, depending on the sense and connection in which it is used, considered together with the purposes to be accomplished. . . As applied to space, the word 'near,' being a term of relative signification, has no positive or precise meaning, and it locates nothing with any degree of precision. It depends for its signification on the subject-matter in relation to which it is sued, and the circumstances under which it becomes necessary to apply it to surrounding objects." .45 C. J. 577. As said in Pedrick v. Raleigh &c. R. Co., 143 N. C. 485 (55 S. E. 877, 10 L. R. A. (N. S.) 554, 561), quoting from Wood on Nuisances, § 274: "The word 'near,' as applied to space, can have no positive or precise meaning. It is a relative term, depending, for its signification, on the subject-matter in relation to which it is used and the circumstances under which it becomes necessary to apply it to surrounding objects. We think this correctly states the rule of construction." In Casey v. New York, 217 N. Y. 192 (111 N. E. 764), the court said: "The word 'near' means 'not distant from,' but the term is wholly relative, and locates nothing with any degree of precision." As said in Hadley v. Turnpike Co., 2 Humphrey (Tenn.), 555, "What is 'near' is difficult to argue about, and we shall not attempt it."

The use of the word "near" in making the classification subjecting certain persons and corporations designated by the act as "in or near cities," as contained in paragraph 66 of the tax act, neces-

sarily leaves to the tax officer the discretion of determining in many instances that some may be liable and others may not be liable, depending entirely upon the circumstances of each particular case; and for this reason the tax imposed by this section is invalid and unenforceable.

The judge of the superior court erred in refusing an injunction.

*Judgment reversed.* *All the Justices concur, except Beck, P. J., and Hines, J., dissenting.*