## Beck & Gregg Hardware Company v. State Revenue Commission et al.

Gilbert, J. The exception is to a judgment sustaining a general demurrer to an equitable petition attacking a statute (Ga. L. 1927, p. 83, par. 86) levying a tax "upon each and every dealer in pistols or in toy pistols which shoot cartridges, or who deals in pistol cartridges, or rifle cartridges, dirks, bowie-knives, or metal knucks, for each place of business in this State, in or near towns or cities of 10,000 or less inhabitants, $50.00; in or near cities of over 10,000 inhabitants, $100.000." It is insisted that the word "near" is so vague and indefinite that the tax can not be enforced against dealers not in a city, but "near" thereto; that levying such a tax on dealers "in" a city, but not on dealers without a city, is unconstitutional because in conflict with stated provisions of the State and United States constitutions. *Held:*

1. Under the ruling in *Case-Fowler Lumber Co.* v. *Winslett*, 168 *Ga.* 808 (149 S. E. 211), the tax imposed under the statute above quoted is invalid and unenforceable in so far as the provisions of the same relate to dealers "near" towns or cities.

2. The tax is imposed upon dealers according to classifications based upon population. Those "in" and those "near" towns and cities of the same population are in the same class. Since the statute levying tax on those "near" cities is invalid because the description "near" is unenforceable, the tax on those "in" cities is also invalid because in conflict with the uniformity clause of the constitution of Georgia, art. 7, sec. 2, par. 1. Civil Code (1910), § 6553. Therefore the court erred in sustaining the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

No. 9516. April 4, 1933.

*White, Poole, Pearce & Gershon,* for plaintiff.

*M. J. Yeomans, attorney-general, W. K. Meadow, J. T. Goree,* and *B. D. Murphy, assistant attorneys-general,* for defendants.