26731.   STATE REVENUE COMMISSION *v.* ILLGES SECURITIES COMPANY.

DECIDED JULY 15, 1938.

*M. J. Yeomans, attorney-general, W. H. Duckworth, Marshall L. Allison,* for plaintiff.

*Swift, Pease, Davidson & Swinson,* for defendant.

STEPHENS, P. J.   This case involves the construction of certain parts of the Georgia income-tax act of 1931, as that act applies to a return for the calendar year 1933, made under the 1931 act by the Illges Securities Company. That company made a return for the year 1933, showing the following facts:

Entire Income from all Sources:

| | |
|---|---|
| Dividends from corporation........................ | $142,914.50 |
| Interest on U. S. obligations...................... | 184.39 |
| Interest on obligations of Georgia, or | |
| Political subdivisions thereof...................... | 1,138.25 |
| Interest received................................ | 8,519.53 |
| | |
| Total Gross Income from all Sources.............. | $152,756.67 |

Exempt Income:

| | |
|---|---|
| Dividends ..................................... | $142,914.50 |
| Interest on U. S. obligations...................... | 184.39 |
| Interest on obligations of Georgia, or | |
| Political subdivisions thereof...................... | 1,138.25 |
| | |
| Total Exemptions ............................... | $144,237.14 |
| | |
| Total Taxable Income............................ | $  8,519.53 |

Allowable Deductions:

| | |
|---|---|
| Salaries ....................................... | $  8,000.00 |
| Ad valorem taxes............................... | 1,311.50 |
| Check tax ..................................... | 1.58 |
| Capital-stock tax ............................... | 800.00 |
| Depreciation................................... | 79.39 |
| Interest paid................................... | 243.40 |
| Miscellaneous expense........................... | 666.11 |
| | |
| Total Deductions................................ | $ 11,101.98 |
| Net Taxable Income............................. | -0-" |

The State Revenue Commission held that there was a deficiency in the tax due, as shown by the return, amounting to $316.01 principal and interest. This deficiency was arrived at by disallowing 94.42 per cent. of the deductions of $11,101.98 claimed by the taxpayer, which amounted to $10,482.82; leaving only $619.16 of deductions allowed, or 5.58 per cent. of the deductions claimed. The action of the commission prorated the deductions between the taxable income and the non-taxable or exempt income of the corporation. A petition for a redetermination was denied, and a fi. fa. for the deficiency tax was issued and levied. The taxpayer filed an affidavit of illegality and gave bond under the Code,

§ 92-3306, as amended by the act of March 30, 1937 (Ga. L. 1937, pp. 109, 143). To this affidavit of illegality the commission filed a general demurrer, which was overruled, and the commission excepted.

The State Revenue Commission contends that it is the purpose of the act of 1931 to charge against exempt or non-taxable income of the corporate taxpayer the just and proper proportion of the expenses, taxes, etc., that the taxpayer incurred in making or earning its exempt or non-taxable income, and cites, as the basis for its position, Lewis v. Commissioner of Internal Revenue, 47 Fed. (2d) 32, and the ruling in *Standard Oil Co.* v. *State Revenue Commission,* 179 *Ga.* 371 (7) (176 S. E. 1), that "all grants of exemption from taxation must be strictly construed in favor of the State." The taxpayer relies on the wording of the 1931 act, and the fact that in 1937 an act was passed (Ga. L. 1937, p. 109), amending section 11(a) of the act of 1931 (Code, § 92-3109(a)), by adding the following: "Expense incurred in earning non-taxable income is not an allowable deduction from taxable income before computing the tax." The income-tax act of 1931 makes no provision for apportionment, between taxable income and non-taxable or exempt income of a taxpayer, of the taxpayer's expenses and taxes incurred in earning its entire income. The act of 1931 does provide, however, in section 15, for the apportionment of income earned within the State and income earned without the State. If it had been the intention of the legislature to require an apportionment of expenses and taxes incurred in earning the taxpayer's entire income between taxable and non-taxable or exempt income, it is reasonable to assume that when they were dealing with the apportionment of income between that earned in the State and that earned outside of the State they would also have made some provision for apportionment or proration of expenses and taxes incurred in earning taxable income and non-taxable or exempt income. It was not until 1937 (Ga. L. 1937, p. 109) that the legislature manifested in any way its intention to require an apportionment of expenses and taxes between taxable and non-taxable or exempt income of a taxpayer, when they added this provision for apportionment of *expenses* between taxable and non-taxable or exempt income. "Expenses incurred in

earning non-taxable income is not an allowable deduction from taxable income before computing the tax."

The plaintiff in error in its brief has been unable to point out any provision in the act of 1931 which refers to a proration or apportionment of expenses or taxes between taxable and non-taxable or exempt income of a taxpayer. The provisions of the act are clear and unambiguous that the taxpayer is allowed the deductions and exemptions from his income, as claimed in his tax return. The act of 1931 specifically provides, in section 10(b), that "The words 'gross income' do not include the following items which shall be exempt from taxation under this act: . . interest upon the obligations of the United States Government or of the State of Georgia or of a political subdivision thereof." Section 11(a) provides for the deduction from gross income of all ordinary and necessary expenses incurred during the taxable year in carrying on any trade or business. Section 11(b) provides for the deduction from gross income of all interest paid or accrued within the taxable year on indebtedness. Section 11(c) provides for the deduction of gross income on taxes paid or accrued within the taxable year, with certain expenses. Section 11(f) provides for the deduction from gross income of depreciation of property used in the trade or business. Section 15(b, 3c) provides for the deduction of dividends received by a corporate taxpayer. Tax statutes will be construed most strongly against the State Revenue Commission and in favor of the taxpayer. *Case-Fowler Lumber Co.* v. *Winslett*, 168 *Ga.* 808 (2) (149 S. E. 211); *McIntyre* v. *Harrison*, 172 *Ga.* 65 (2) (157 S. E. 499); *Mystyle Hosiery Shops* v. *Harrison*, 171 *Ga.* 430 (155 S. E. 921); *State Revenue Commission* v. *Edgar Brothers Co.*, 55 *Ga. App.* 505, 512 (190 S. E. 623). The case of Lewis *v.* Commissioner of Internal Revenue, 47 Fed. (2d) 32, relied on by the plaintiff in error, is not binding on this court. It is only persuasive authority. The decision dealt with the construction of section 214 (a-1) of the Federal revenue acts of 1918 and 1921 (40 Stat. 1066; 42 Stat. 239). In the Lewis case the *expenses* incurred in earning the exempt salary of the taxpayer as a State court reporter, which the taxpayer sought to deduct from his taxable income, were expenses actually incurred in earning his exempt salary. After a careful consideration of the Lewis case we are unable to agree that the interpretation there

made of the provision of the Federal revenue act of 1921 (42 Stat. 239, § 314 a (1)), which is identical with section 11(a) of the Georgia income-tax act of 1931, both of which sections relate only to the deduction of expenses incurred in the operation of the business, is a proper construction or interpretation of section 11(a) of the Georgia act of 1931, particularly in view of the amendment made by the legislature in the 1937 act, supra. The judge did not err in overruling the general demurrer to the affidavit of illegality.

*Judgment affirmed.* *Sutton and Fellon, JJ., concur.*