28763. FULENWIDER *v.* FORRESTER, revenue commissioner.

DECIDED MARCH 21, 1941. REHEARING DENIED APRIL 3, 1941.

*Hitch, Denmark & Lovett,* for plaintiff in error. *Powell, Goldstein, Frazer & Murphy, Hirsch, Smith & Kilpatrick, Louis Regenstein Jr., MacDougald, Troutman & Arkwright,. Robert S. Sams. Barry Wright,* as amici curiæ.

*Ellis G. Arnall, attorney-general, B. B. Zellars,* and *Claude Shaw Jr., assistant attorneys-general,* contra.

SUTTON, J. On December 29, 1938, an income tax fi. fa. for $27.26 was forwarded by the State Revenue Commissioner to the sheriff of Chatham County, Georgia, under the Code, § 92-3306, covering a purported deficiency of the plaintiff in error for income taxes alleged to be due the State of Georgia for the year 1938. On February 11, 1939, a levy was made by the deputy sheriff of the county upon certain property of the defendant in execution, and thereafter an affidavit of illegality was filed by him and an eventual condemnation-money bond posted. It was set up in the affidavit that the Revenue Commissioner had illegally failed to allow a deduction made by the taxpayer for Federal income taxes paid by him. The court sustained a general demurrer to the affidavit, and the exception here is to that judgment, the issue being whether or not a Georgia taxpayer in computing, in his return for income

taxes filed with the Department of Revenue of this State on or before March 15, 1938, the amount of income tax to be paid by him on his 1937 income, is entitled to deduct from the amount of gross income received by him in the taxable year 1937 the amount of net Federal income tax actually paid by him in 1937.

Before the act of the legislature, approved December 29, 1937 (Ga. L. Ex. Sess. 1937-1938, pp. 150, 154), the provisions of the income-tax law with respect to deductions allowed to be made from gross income because of taxes paid were codified (§ 92-3109) as follows: . . "In computing net income there shall be allowed as deductions: (c) Taxes paid or accrued within the taxable year, except State and Federal income taxes, estate and inheritance taxes, cigar and cigarette taxes, gasoline taxes, and taxes assessed for local benefits of a kind tending to increase the value of the property assessed." It is clear that two considerations were there dealt with: (1) computation by the taxpayer of his income tax; (2) allowance in such computation of certain deductions. Both the act of computing the tax due and the act of making deductions, as an incident thereto, necessarily occur after the close of the calendar year or taxable year in which the taxable income is received. The Code, § 92-3002(k), defines the taxable year as follows: "The words 'taxable year' mean the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this law." It is plain that a taxpayer making a return in 1938 would use as a basis for computing the amount of his income tax due in such year calculations representing his income in the year 1937. By an act approved December 29, 1937 (Ga. L. 1937-1938, Ex. Sess., pp. 150, 154, 155), sub-section (c) of Code, § 92-3109, was stricken in its entirety and a new sub-section (c) was enacted in lieu thereof as follows: "(c) Taxes.—Effective January 1, 1938, taxes paid or accrued within the taxable year, except State income taxes, estate and inheritance taxes, gift taxes, cigar and cigarette taxes, gasoline taxes and taxes assessed for local benefits of a kind tending to increase the value of the property assessed, provided, however, that the taxpayer may only deduct from gross income the amount of Federal net income taxes *shown to be due and actually paid during the immediate preceding taxable year on the return filed by said taxpayer in such preceding taxable year;* and provided further,

that where the entire net income of the taxpayer is not taxable by the State of Georgia, then the taxpayer may only deduct such Federal net income taxes in the same proportion that the net income taxable by the State of Georgia bears to the entire net income taxable by the Federal Government." (Italics ours.) This new subsection, as in the case of the stricken section, deals with two things: (1) computation of net income; (2) allowance of certain deductions from gross income in arriving at the net income of the immediate preceding taxable year. By the amendment the former prohibition against deducting, in computing income, Federal income taxes paid in the "taxable year" was removed, and it was provided that "the taxpayer may only deduct from gross income the amount of Federal net income taxes shown to be due and actually paid during the immediate preceding taxable year on the return filed by said taxpayer in said preceding taxable year." The legislature did not leave the amending section to become effective as of the date of its promulgation, as would otherwise result (Code, § 102-105), but provided that it should become effective January 1, 1938. It is as to the force of this provision that the present controversy arises, the Revenue Commissioner contending that its effect is to postpone the availability of the deduction for Federal net income taxes paid until the making of an income tax return in 1939, when Federal net income taxes paid in 1938 might be deducted, whereas the taxpayer claims that the deduction was properly made by him in the computation of his net income tax payable in 1938.

It is contended by the State Revenue Commissioner that to uphold the position of the taxpayer would be to give a retroactive effect to the amending act. We think, however, the argument is untenable, and that a proper construction of the act is that it looks only to the future for the effectiveness of the provisions of subsection (c), namely, future acts after January 1, 1938, hereinbefore shown, the future computation of an income tax and the incidental deduction in connection therewith of the Federal net income tax paid in the taxable year involved in the computation, which taxable year, in the case of a taxpayer making an income tax return in 1938, would be the year 1937 under the definition in the Code, § 92-3002, hereinbefore quoted, and the definition given in *State Revenue Com.* v. *National Biscuit Co.,* 179 *Ga.* 90, 98 (175

S. E. 368), that "The tax to be deducted is not that which is due or to become due on the return as made, but is the tax which was paid or which accrued during the taxable year covered by the return." Obviously a taxpayer could not make out his income-tax return, based on the immediate preceding or "taxable year," until after the end of such taxable year. The taxpayer in the present instance could not make his income-tax return for the year 1937 until after the end of that year, and that being true, the act approved December 29, 1937, was effective when he made his return in 1938 for the "taxable year" 1937, and he was entitled to the deductions as provided by the law then in effect.

In making the provisions of subsection (c) effective January 1, 1938, the legislature was not postponing until 1939 the availability of deduction for Federal net income tax paid, but inferentially fixed such date of effectiveness for another reason, that is, to avoid a situation where persons who had paid income taxes in 1937 might, by reason of the amended subsection (c), seek to obtain a refund of part of the tax already paid the State, on account of not having deducted the amount of Federal income tax paid by them, or where one who, by reason of delinquency in making his return or because of a deficiency assessment by the Revenue Commissioner after inspection of the income tax return in 1937, might contend that he was entitled to claim the deduction provided for by the act of 1937. To guard against this the legislature evidently made the provisions of subsection (c) effective January 1, 1938, without any intention to postpone the enjoyment of the deduction for Federal net income tax paid in 1937, because if it had been its intention to do so it would have been a simple matter to have so indicated by providing that it should become "effective as to income taxes *on income for the year 1938 and thereafter.*" Inasmuch, however, as a *computation* in 1938 is based on income in 1937, that is, the "taxable year," the allowance of a *deduction* in 1938 for Federal net income tax paid in 1937 would not be giving a retroactive effect to the act of 1937 because, as before stated, the provisions of subsection (c) apply not retroactively but to a *future computation,* in 1938 and thereafter, and to a *future deduction,* in 1938 and thereafter, from gross income, of Federal net income tax paid in the taxable or preceding year. and accordingly it must be held that the act, properly construed,

authorized the taxpayer in the present case, in computing his State income tax payable in 1938, to deduct from his gross income in 1937 the amount of Federal net income tax paid by him in 1937.

Even if it can be said that the amendment had a retroactive effect, which we do not concede, the manner in which the amendment was made clearly indicates the intention to allow deductions for certain taxes paid in previous years. To illustrate, deductions for ad valorem taxes paid in 1937 are admittedly deductible under the amendment but, the original subsection (c) having been stricken in its entirety, would not be deductible in 1938 except for the provision made in the amendment. It would not be consistent to hold that ad valorem taxes are deductible and Federal income taxes paid are not deductible simply because under the old law ad valorem taxes were deductible. They are either deductible by reason of the amendment or not at all. If they are, so are all other taxes deductible which are made so by the amendment. There is no logical basis on which to allow some authorized deductions and to disallow others. The case might be different if the legislature had amended the act otherwise than by striking the entire previous provisions and substituting an entirely new section.

From what is said it follows that the court erred in sustaining the general demurrer and in dismissing the taxpayer's affidavit of illegality. *Judgment reversed. Felton, J., concurs.*

STEPHENS, P. J., dissenting. This case presents for determination the following question: Is a Georgia taxpayer, in computing, in his return for income taxes filed with the Department of Revenue of this State on or before March 15, 1938, the amount of income taxes to be paid by him on his 1937 income, entitled to deduct from the amount of gross income received by him in the taxable year 1937 the amount of Federal income tax actually paid by him in 1937 on his net income for the taxable year 1936? The answer to this question depends upon the proper construction of section 7 of the amendment of December 29, 1937, of the income tax act of 1931 (Ga. L. Ex. Sess., 1937-38, pp. 150, 154, 155); amending the Code, § 92-3109(c), so that said section as amended reads in part as follows: "Deductions from gross income. In computing net income there shall be allowed as deductions: . . (c) Taxes.—Effective January 1, 1938, taxes paid or accrued within the taxable year, except State income taxes, . . provided,

however, that the taxpayer may only deduct from gross income the amount of Federal net income taxes shown to be due and actually paid during the immediate preceding taxable year on the return filed by said taxpayer in such preceding year."

This amendment to Code § 92-3109(c), by its very terms became "effective January 1, 1938." It therefore had no force and effect as a law of this State until that date. Before that date, and during the year 1937, Code, § 92-3109(c), unaffected or modified by the amendment which became effective January 1, 1938, was the law of this State. On January 1, 1938, this section, as amended by section 7 of the act of December 29, 1937, which went into effect January 1, 1938, became the law of this State. Code, § 92-3109, provides that in computing net income the taxpayer shall be entitled to certain deductions, as including in subsection (c) thereof, certain taxes paid by the taxpayer, and as to such deductible taxes, section 7 of the amendment provides that "effective January 1, 1938, taxes paid or accrued within the taxable year," with certain exceptions as therein prescribed, may be deducted from the gross income of the taxpayer. Among the deductible taxes included within this provision of section 7 of the amendment, are Federal income taxes. The legislature here clearly referred to "taxes paid or accrued within the taxable year," meaning the taxable year the act became effective, namely 1938, and subsequent years during the life of the act. Laws prescribe only for the future. Code, § 102-104. To construe section 7 of the income-tax amendment of December 29, 1937, to mean that the legislature intended thereby to make the basis of the deduction by the taxpayer previous to the effective date of such section of the amendment would be to contravene a general principle of statutory construction, namely that "Retrospective statutes are forbidden by the first principles of justice," and "'The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires.'" *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534, 536 (150 S. E. 841). Since the legislature unequivocally provided in section 6 of this income-tax amendment, which was enacted December 29, 1937, that the provisions of that section relative to income taxes became "effective January 1, 1937," and the same is true of sections 1 and 5 thereof, it is clear that the legislature did not intend section 7 to have a retroactive effect.

Before the adoption of this amendment, and before it became effective on January 1, 1938, payment of Federal income taxes was not an allowable deduction from the gross income of the taxpayer in computing his net income for State income taxes. See Code, § 92-3109(c), before amendment. Section 7 of the amendment entitles the taxpayer to deduct Federal taxes paid during the preceding year on a return filed by the taxpayer for such preceding year. As the words, "taxes paid or accrued within the taxable year," mean 1938 and subsequent years, and not 1937, the taxpayer is entitled to a deduction of the amount of Federal income tax actually paid by him in 1938, in computing the amount of his net income in the income-tax return filed with the Georgia Revenue Commissioner on or before March 15, 1939, and not to deduct from his gross 1937 income the amount of Federal income tax paid by him in that year.

The fact that the State has permitted a taxpayer, in filing his return on or before March 15, 1938, to deduct ad valorem taxes actually paid by him during the year 1937 is no reason why the taxpayer should be permitted to deduct the Federal income taxes paid in 1937, in his return for State income taxes filed on or before March 15, 1938. This is so for the reason that, before this amendment of December 29, 1937, in computing State income taxes, the taxpayer was entitled to make such deduction but was not entitled to deduct as taxes any amounts paid as Federal income taxes. See Code, § 92-3109(c).

The State income tax due by the taxpayer for the year 1937 was computable under the provisions of the law in effect during that year, in which as expressed in Code, § 92-3109(c), the taxpayer was not allowed to deduct from his gross income Federal income taxes paid during that year. The amendment to this Code section allowing a taxpayer to make such deduction was not effective during the year 1937, but became effective on January 1, 1938, and therefore has no application or reference to a computation for income tax on income due and collectible for the year 1937, but is applicable only to computing income for the years during which the amendment is effective, which was not until January 1, 1938, which was after the year 1937. The defendant in fi. fa. in making his income-tax return in the year 1938, for the taxable year 1937, was not entitled to deduct from his gross income re-

·ceived during the taxable year 1937, the Federal income taxes actually paid by him in 1937.

Let it be supposed that before the enactment, on December 29, 1937, of this act containing this amendment to Code, § 92-3109. there was no income-taxing statute on the books of this State, but that on that date the legislature, by an act to become effective January 1, 1938, enacted a statute imposing a tax upon incomes, and provided therein that "in computing net income there shall be allowed as deductions taxes paid or accrued within the taxable year," including Federal income taxes "shown to be due and actually paid during the immediate preceding taxable year on the return filed by said taxpayer in such preceding taxable year," would it be held that this tax act would authorize a tax upon income received during the preceding year 1937? If so, such holding would be that income was being taxed under an act not in existence during the year the income was earned and collected. It would hardly be held that the act authorized a taxation of income earned before the date on which it went into effect. The act doubtless would be held to be a taxing act initially applied to taxation upon income earned and collected after January 1, 1938, and that a "taxable year," would be only a taxable year arising after the act had gone into effect. The first taxable year would be the year 1938, and a taxpayer making his income-tax return in 1939 for the taxable year 1938 would be entitled to a deduction of all taxes paid or accrued within that taxable year, including Federal income taxes actually paid during that "immediate preceding taxable year," viz. 1938.

It is a well-recognized principle in legal hermeneutics that statutes relating to substantive law are not given a retroactive effect unless the context clearly so demands, but that statutes which are purely remedial, which relate, not to substantive law, but to procedural law only, may be given a retroactive effect. The provision of the act that the taxpayer may deduct from his income for the taxable year the amount which he had paid during that taxable year as income tax to the Federal government affects the amount of the taxable income, and therefore the amount of tax paid by the taxpayer. This provision of the act is clearly one of substantive law. It is not remedial. It is not to be given a retroactive effect. in the absence of any express provision or clear intimation therein,

so authorizing it. While this act does not affect the taxpayer adversely, this provision nevertheless is one of substantive law, and the rule that acts relative to substantive law will not be given a retroactive effect, unless the context clearly so demands, may well be invoked by the State upon the question of the construction and meaning of the act. This amendment of the Code, § 92-3109, which provides that Federal income taxes paid during the "immediate preceding taxable year" may be deducted in computing the net income for the taxable year, has reference only where the year 1938 is the initial taxable year. In my opinion the judge properly dismissed the affidavit of illegality.