DECIDED JUNE 2, 1943.

*Shackelford & Shackelford,* for plaintiff in error.

*Preston M. Almand, solicitor,* contra.

BROYLES, C. J.  Hubert Moore was tried for a misdemeanor on an accusation which charged that, in Clarke County, Georgia, on May 30, 1940, he intentionally violated section 92-2104 of the Code, in that he did then and there carry on a live-stock business on the Jefferson-Athens road, without registering, with the ordinary of said county, his name, together with a statement of the business he proposed to engage in and the place where it was to be conducted, and without paying the special business taxes to the tax collector of said county before commencing said business, as provided by law.  A demurrer to the accusation was overruled.  The case then proceeded to a verdict and judgment for the State, a motion for a new trial was overruled, and that judgment is assigned as error.  To the overruling of the demurrer exceptions pendente lite were taken, and error thereon is assigned in the bill of exceptions.

The accusation was evidently based on Code, § 92-1905, which reads as follows:  "Each person, firm, or corporation dealing in live stock, having a fixed place of business in or near cities of more than 50,000 inhabitants, shall pay [a tax of] $25; in or near cities of from 10,000 to 50,000 inhabitants, $15; in or near cities or towns of less than 10,000 inhabitants, $10 for each place of business:  Provided, that the word 'near,' as used in this section, shall be construed to mean within three miles of the corporate limits of any town or city mentioned in this section."

The accusation was demurred to on the ground that it did not set out any crime under the laws of Georgia (the other grounds of the demurrer are without merit).  In *Riggs* v. *State,* 41 *Ga App.* 306 (152 S. E. 604), the accused was indicted for doing business as an undertaker in Bibb County, without first registering with the ordinary and without paying the tax required by law. The indictment was drawn under paragraph 103 of section 2, of the

general tax act of 1927 (Ga. L. 1927, p. 56), said paragraph reading as follows: "Undertakers. Upon each person, firm, or corporation whose business is that of burying the dead and charging for same, commonly known as undertakers, in or within a radius of fifteen miles of the corporate or town limits of cities of more than 50,000 inhabitants, $200; in or near cities from 10,000 to 50,000 inhabitants, $100; in or near cities from 5000 to 10,000 inhabitants, $50; in or near cities or towns of from 2500 to 5000 inhabitants, $20; in or near towns of less than 2500 inhabitants, $10 for each place of business." And this court said: "It will be observed from the above-quoted language that not all undertakers carrying on their business in a county are required to pay a tax, but those undertakers only who do business in a city of more than 50,000 inhabitants, or within a radius of fifteen miles of the corporate limits of such a city, or undertakers who carry on their business in or near cities or towns of the populations specified in the act. It is well settled that statutes levying taxes should be construed most strongly against the government and in favor of the citizen. *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23 (6); *Case-Fowler Lumber Co.* v. *Winslett,* 168 *Ga.* 808 (2) (149 S. E. 211). . . The indictment failed to charge that the accused did carry on the business of an undertaker in a city of more than 50,000 inhabitants, or within a radius of fifteen miles of its corporate limits, or in or near some city or town of 50,000 or less population. It follows that the indictment did not charge the commission of any crime punishable under the laws of this State, and the court erred in overruling the demurrer." That decision is applicable to and controlling in the instant case, and the error in overruling the demurrer rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre and Gardner, J., concur.*