**30227. CANDLER *v.* COOK, revenue commissioner.**

DECIDED FEBRUARY 2, 1944.

*Hirsch, Smith, Kilpatrick, Clay & Cody, E. D. Smith Jr.,* for plaintiff in error. *Fred·B. Davis, assistant attorney-general,* contra.

SUTTON, P. J. J. Eugene Cook, as Commissioner of Revenue of the State of Georgia, issued an execution against Charles H. Candler, the plaintiff in error, for a claimed deficiency due to the State of Georgia on his 1940 income taxes on the return required to be made on or before March 15, 1941. This execution was placed in the hands of the sheriff of DeKalb County, and a levy was made upon certain personal property of the plaintiff in error who filed an affidavit of illegality to the execution.

The affidavit of illegality, as amended, alleged substantially as follows: That the plaintiff in error was a resident of DeKalb County, Georgia, and his entire income was derived from sources within the State of Georgia; that he duly filed a State return of his income for the year 1940, in which he reported his entire income for that year; that in making his return, he deducted from his gross income all Federal taxes shown to be due and paid by him during the immediate preceding taxable year on the Federal income-tax return filed by him, the amount being $14,125.27; and that the State Department of Revenue disallowed a portion of the Federal income taxes paid and claimed as a deduction, and allowed

him in this respect an exemption of $11,866.64. It is set out in the statement of facts in the brief of counsel for the plaintiff in error, which is not controverted by the defendant in error, that "the deduction of State income taxes in 1939, as contrasted to the deduction of State income taxes from the Federal in that year, and the deductions from income for State tax purposes of dividends from national bank stocks, are the reasons why the income taxe by the State in 1939 was less than the income taxed by the Federal Government in 1939. . . There would, of course, also. be a slight variance between the net amount shown in the State return and the net amount shown in the Federal return, due to the fact that the personal exemptions allowed by the State and Federal laws are not exactly identical." It appears from the exhibits attached to the affidavit of illegality as amended, that the State Department of Revenue arrived at the sum claimed as a deficiency by taking the taxpayer's net income for the year 1939 that was taxed by the State of Georgia and his net income for the same year that was taxed by the Federal Government, and by dividing the first by the second arrived at the percentage of the Federal income taxes paid in 1939 by the taxpayer that the department would allow him to deduct on his State return filed on his income for the year 1940, which return was required to be filed on or before March 15, 1941. By using this formula, the department claimed that the plaintiff in error owed a deficiency of $158.09, principal, $16.60 as interest to date of fi. fa., with future interest at the rate of 12 per centum per annum, and on May 26, 1942, issued the fi. fa. for those amounts. .

The court sustained a general demurrer to the affidavit of illegality as amended, and dismissed the same, and the exception here is to that judgment.

The plaintiff in error contended that the deduction made by him in his return was proper under the following provision of the Code, § 92-3109: "In computing net income there shall be allowed as deductions. . . (c) Taxes. Effective January 1, 1938, taxes paid or accrued within the taxable year, except State income taxes, estate and inheritance taxes, gift taxes, cigar and cigarette taxes, gasoline taxes and taxes assessed for local benefits of a kind tending to increase the value of property assessed: provided, however, that the taxpayer may only deduct from gross income the amount of Federal net income taxes shown to be due and actually paid during

the immediate preceding taxable year; .. . and, provided further, that where the entire net income of the taxpayer is not taxable by the State of Georgia, then the taxpayer. may only deduct such Federal net income taxes in the same proportion that the net income taxable by the State of Georgia bears to the entire income taxable by the Federal Government." Under the above provision of law, the plaintiff in error contended that he was entitled to deduct from the gross income on his State return the entire amount of income taxes paid to the Federal Government in the immediate preceding taxable year, since all of his income was derived from sources within the State of Georgia. The defendant in error contended that the plaintiff in error was entitled to deduct from his gross income on his State return only the Federal income taxes that were paid on that portion of his gross income which was taxed by the State of Georgia.

The Code, § 92-3101, provides: "A tax is hereby imposed upon every resident. of the State, which tax shall be levied, collected and paid annually, with respect to the entire net income of the taxpayer as hereinafter defined, and upon every nonresident with respect to his entire net income not hereinafter exempted, received by such taxpayer from property owned or from business carried on in this State." It is alleged in the affidavit of illegality in the present case, that the entire income of the taxpayer was derived from sources within the State of Georgia. The only portion of the taxpayer's income which was taxed by the Federal Government and exempted from taxation by the State of Georgia was the income derived from dividends on the national bank stock, which amounted to $486, and was included in the gross return for Federal income-tax purposes; but, under the provisions of the State law, it was not properly included in the tax-payer's gross income on his State return. Under the State law, "the words 'gross income' do not include . . dividends received on stock of banks." Code, § 92-3107 (b-7). With the exception of the income derived from dividends on bank stock, the gross income on the State return included the entire income of the taxpayer. "The words 'net income' mean the gross income of a taxpayer, less the deductions allowed by this law." Code, § 92-3108. In the case of *Fulenwider* v. *Forrester*, 64 *Ga. App.* 756 (14 S. E. 2d, 173) it was held: "Under the law of 1937 (Ga. L. 1937-1938 Ex. Sess. pp. 150, 154, 155), striking in its entirety subsection (c)

of the Code, § 92-3109, and substituting therefor a new subsection (c), the taxpayer in the present case in computing, in his return for income tax filed with the State Revenue Commissioner of this State on or before March 15, 1938, the amount of income tax to be paid by him on his 1937 income, was entitled to deduct from the amount of gross income received by him in the taxable year 1937, the net amount of Federal income tax actually paid by him in 1937," and while the question of apportionment or prorationing of the deduction for Federal income taxes was not before the court, the court did hold that the taxpayer was entitled to deduct the net amount of Federal income taxes actually paid by him in the immediate preceding taxable year.

In the present case, with the exception of the income derived as dividends on the bank stock, the gross income of the taxpayer as set out in his State return, was his entire income. This gross income, less the deductions and exemptions allowed under the State law, was used in computing his State income tax. One of the deductions claimed by the plaintiff in error was a deduction for the amount of Federal income taxes actually paid during the immediate preceding taxable year on the income set out in his return as his entire income and which, less the dividends received from the bank stock and the deductions and exemptions allowed by the State law, constituted his net income. There is no provision in the State law which declares that the amount to be allowed to a taxpayer as a deduction for Federal income taxes paid in the immediate preceding taxable year should be prorated or apportioned, if the Federal income-tax rate was higher than the State rate, or if the exemptions allowed by the Federal statute were less than the exemptions allowed by the State statutes, so that, on the same income, the amount paid as Federal income taxes and claimed as a deduction on the State return would be greater than the amount paid as State income taxes and claimed as a deduction on the Federal income-tax return for the same taxable year. "Tax statutes will be construed most strongly against the State Revenue Commission and in favor of the taxpayer." *State Revenue Commission* v. *Illges Securities Co.*, 58 *Ga. App.* 255, 258 (198 S. E. 286), and cit. In the present case, the entire income of the taxpayer, with the exception of the income derived from dividends on the bank stock, constituted his gross income on the State return and these dividends, under the

provisions of the Code, § 92-3107 (b, 7), were not to be included in the taxpayer's gross income on his State return.

Under the provisions of the Code, § 92-3109 (c), the taxpayer is allowed to deduct from gross income, in computing net income on a State return, the amount of Federal net-income taxes shown to be due and actually paid during the immediate preceding taxable year on the return filed in such preceding taxable year, except "where the entire net income of the taxpayer is not taxable by the State of Georgia, then the taxpayer may only deduct such Federal net-income taxes in the same proportion that the net income taxable by the State of Georgia bears to the entire net income taxable by the Federal Government." Under the above provisions of law, it is only where the entire net income of the taxpayer is not taxable by the State of Georgia that there is a prorating or an apportionment of the deduction allowed for Federal net-income taxes paid by the taxpayer in the immediate preceding taxable year on a Federal return filed for such year. Under the allegations of the affidavit of illegality as amended in the present case, the net income of the taxpayer on his State return was his gross return, as defined by the Code, § 92-3107, less the deductions allowed by the State income-tax statute. This net income was both taxable and taxed by the State of Georgia as the amount shown on the return as net income was used by the taxpayer in computing the amount paid to the State of Georgia on the return. There is no provision of our law which requires a taxpayer receiving in a taxable year income which is taxable by the Federal Government, but which is expressly excluded from taxation by the State statutes and which should not be included in the taxpayer's gross income on the State return, to prorate or apportion the deduction for Federal net-income taxes actually paid by the taxpayer in the proportion that the taxpayer's entire income which was taxed by the Federal Government bears to his net income which was taxable by the State of Georgia. Under the allegations of the affidavit of illegality as amended the taxpayer's entire net income was taxable by the State of Georgia, and he had paid to the State all income taxes which were due on such net income. The deficiency claimed by the State Department of Revenue and for which the fi. fa. was issued not being due under the allegations of the affidavit of illegality as amended and the law

544

applicable thereto, the court erred in sustaining the general demurrer to the affidavit of illegality as amended, and in dismissing the same. *Judgment reversed. Felton and Parker, JJ., concur.*