31681. PHILLIPS, Revenue Commissioner, *v.* GENERAL ELECTRIC SUPPLY CORPORATION.

DECIDED NOVEMBER 26, 1947. REHEARING DENIED DECEMBER 16, 1947.

*Eugene Cook, Attorney-General, Victor Davidson, A. J. Hartley, Assistant Attorneys-General, J. A. Smith,* for plaintiff in error.

*Sutherland, Tuttle & Brennan, Norman Stallings,* contra.

MACINTYRE, P. J. General Electric Supply Corporation, a Delaware corporation doing part of its business and earning part of its income in Georgia, hereinafter referred to as the plaintiff, brought suit in two counts against the State Revenue Commissioner of Georgia, hereinafter referred to as the defendant, for the refund of alleged overpayments of Georgia income taxes for the years 1942 and 1943.

The plaintiff filed Georgia income-tax returns for 1942 and 1943 and paid all taxes shown to be due by the computations on the returns. Subsequently, the defendant assessed against the plaintiff additional Georgia income taxes for 1942 and 1943, based on the ground that the deductions claimed by the plaintiff under Code (Ann.), § 92-3109 (c), were excessive. The plaintiff paid under protest the additional taxes plus interest, and later filed a claim for refund with the defendant. The claim for refund was denied, and the plaintiff brought suit. To each count of the petition as amended the defendant filed a general demurrer; the trial judge overruled the demurrers, and the defendant excepted.

Code (Ann.), § 92-3109 (c), provides: "Effective January 1, 1938, taxes paid or accrued within the taxable year, except State income taxes, estate and inheritance taxes, gift taxes, cigar and cigarette taxes, gasoline taxes and taxes assessed for local benefits of a kind tending to increase the value of the property assessed: Provided, however, that the taxpayer may only deduct from gross income the amount of Federal net income taxes shown to be due and actually paid during the immediate preceding taxable year on the return filed by said taxpayer in such preceding taxable year, and, *provided further, that where the entire net income of the taxpayer is not taxable by the State of Georgia, then the taxpayer may only deduct such Federal net income taxes in the same proportion that the net income taxable by the State of Georgia bears to the entire net income taxable by the Federal Government.*" (Italics ours.)

The question presented for determination by this court is: Where the entire net income of a taxpayer is not taxable by the State of Georgia, in computing the taxpayer's deduction of Federal income taxes under Code (Ann.), § 92-3109 (c), what is meant by the words, "the net income taxable by the State of Georgia?"

The defendant contends that the words mean the net income computed under the law of Georgia, viz., the amount on which the tax is computed, or the net income allocated and apportioned to Georgia under Code (Ann.), § 92-3113, after the deduction for Federal income taxes.

The plaintiff contends that the words mean the net income from sources within Georgia and hence taxable by Georgia, or, simply, the net income allocated and apportioned to Georgia under Code (Ann.), § 92-3113, which is net income before deducting Federal income taxes.

The plaintiff's interpretation may be expressed in the form of a mathematical equation:

Net income for 1941
allocated and
apportioned to Ga.
under Code (Ann.),
§ 92-3113, which is
net income before
deducting Federal
income taxes

Federal income taxes             Deduction for
paid in 1942 on 1941X_____—1942 under Code
income                          —(Ann.), § 92-3109 (c)
                Net income during 1941
                from everywhere as
                shown on Federal return
                before deduction of
                State income taxes.

The defendant's interpretation may be expressed by the same mathematical equation, if the numerator of the apportionment fraction is changed to read as follows: Net income for 1941 allocated and apportioned to Georgia under Code (Ann.), § 92-3113, which is net income after deducting Federal income taxes; and the denominator of the apportionment fraction is changed to read as follows: Net income during 1941 from everywhere as shown on Federal return after deduction of State income taxes.

It is our opinion that the legislature intended for the taxpayer to deduct that part of the Federal income tax paid on the portion of the business income reasonably apportioned to the property owned and business done within the State of Georgia.

In *Candler v. Cook,* 70 *Ga. App.* 539 (28 S. E. 2d, 894), it was held: "In computing net income as defined by the Code, § 92-3108, a taxpayer, under the provisions of § 92-3109 (c), is entitled to deduct from his gross income, as defined by § 92-3107, the amount of Federal net-income taxes shown to be due and actually paid during the immediate preceding taxable year on the return filed in such year, where the taxpayer's entire net income is taxable by the State of Georgia."

On page 542 of the opinion it is stated: "There is no provision in the State law which declares that the amount to be allowed to a taxpayer as a deduction for Federal income taxes paid in the immediate preceding taxable year should be prorated or apportioned, if the Federal income-tax rate was higher than the State rate, or if the exemptions allowed by the Federal statute were less than the exemptions allowed by the State statutes, so that, on the same income, the amount paid as Federal income taxes and claimed as a deduction on the State return would be greater than the amount paid as State income taxes and claimed as a deduction on the Federal income-tax return for the same taxable year."

While this court did not expressly define the phrase, "net income taxable by the State of Georgia," the opinion is based upon the theory that the phrase means net income before the deduction of income taxes. If the court had not adopted this interpretation, the net income taxable by Georgia would have been less than the entire net income taxable by the Federal Government, and the last proviso of Code (Ann.), § 92-3109 (c), would have applied.

"Tax statutes will be construed most strongly against the State Revenue Commission and in favor of the taxpayer." *State Revenue Commission* v. *Illges Securities Co.*, 58 *Ga. App.* 255, 258 (198 S. E. 286).

In the official but yet unpublished opinion of the Attorney General of September 2, 1943, it is said: "A proper construction of the statute [Code, Ann., § 92-3109 (c)] requires that the apportionment formula as set forth in Section 92-3113 of the Amended Code should be applied, and after the net income of the taxpayer in this State has been computed, then the deduction of the Federal net-income tax properly apportioned to Georgia should be made from the taxpayer's net income." While this opinion is not binding upon this court, we think that it states the correct interpretation of the statute in question.

The trial court did not err in overruling the defendant's demurrers to the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*