GEORGIA PAPER STOCK COMPANY *v.* STATE TAX BOARD OF GEORGIA *et al.*

No. 8551.   MAY 13, 1932.

*Jones, Fuller, Russell & Clapp,* for plaintiff.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, John A. Smith, Lawrence S. Camp, C. N. Davie, J. F. Kemp, R. C. Norman,* and *Paul H. Doyal,* for defendants.

HILL, J. (After stating the foregoing facts.) The legislature of this State in 1929 (Ga. L. 1929, p. 103) passed an act providing for the raising of public revenue by a tax upon the privilege of engaging in certain occupations, and by a tax upon certain

business and commercial transactions and enterprises, etc. By section 3 of the act is imposed "Upon every person engaging or continuing within this State in the business of manufacturing, compounding, or preparing for sale, profit, or use any article, substance or substances, commodity or commodities, the amount of such tax to be equal to the value of the articles manufactured, compounded, or prepared for sale, as shown by the gross proceeds derived from the sale thereof by the manufacturer or person compounding or preparing the same (except as hereinafter provided), a tax of one half of one mill on the dollar thereof. The measure of this tax is the value of the entire product manufactured, compounded, or prepared for sale, profit, or use in this State, regardless of the place of sale, or the fact that deliveries may be made to points outside the State." Section 7 provides: "That upon every person engaged or continuing within this State in any and every business not included in the preceding sections there is levied and shall be collected a tax equal to two mills on the dollar of the gross receipts of any such business," etc. The single question presented for consideration in this case is whether one who is engaged in buying waste paper and cleaning, sorting, and baling the same into bales, and reselling the same, should be classed under section 3 of the gross-receipts tax act of 1929, supra, or should such person be placed under section 7 of said act, as a business not otherwise classified. It appears from the record that the plaintiff is engaged in the business of assorting and cleaning waste paper and baling the same into grades and classes suitable for sale and for use by paper manufacturers as paper stock. The plaintiff filed its sales-tax return under the provisions of section 3 of the sales-tax act quoted above. The State tax-commissioner refused to allow this classification, and levied an assessment under section 7 of said act. Plaintiffs appealed from this classification to the State tax board, which agreed with the classification fixed by the commissioner, and in so doing was upheld by the superior court.

Under which section of the act of 1929 should the plaintiffs be taxed, section 3 or section 7? In order to determine this question we must arrive at the intention of the legislature in passing the act in question, and in doing so the ordinary signification shall be applied to all words, except words of art, or con-

nected with a particular trade or subject-matter, when they shall have the signification attached to them by experts of such trade, or with reference to such subject-matter. Civil Code (1910), § 4. Section 3 of the sales tax act of 1929 provides three distinct businesses which may be subject to the tax therein provided for on gross receipts. By reference to that section the tax applies to persons engaged in the business of manufacturing, compounding, or preparing for sale, profit, or use. These words are repeated in the latter part of this section, that is, the words "manufactured, compounded, or prepared for sale." These words are followed by the expression: "by the manufacturer or person compounding or preparing the same." If the intention of the legislature was to limit this classification solely to manufacturers, then the use of the words, "compounding, or preparing for sale," are surplusage and without meaning. Obviously, we think, these words, "compounding, or preparing for sale," are, for the purpose of giving the benefit of this classification to those engaged in manufacturing, or engaged in compounding, or engaged in preparing for sale. It will be observed that the word "or" is a disjunctive particle, and as defined by Bouvier's Law Dictionary: "Its . . natural meaning, where used as a connective, is to mark an alternative and present choice, implying an election to do one of two things. . . 'Or' is never construed to mean 'and' when the evident intent . . would be thereby defeated." See also Webster's Dictionary, where the word "or" is defined to be an "alternative conjunction." In *Case-Fowler Lumber Co.* v. *Winslett,* 168 *Ga.* 808 (2) (149 S. E. 211), it was held: "Statutes levying taxes should be construed most strongly against the government and in favor of the citizen." We are of the opinion that this case falls within section 3 of the act of 1929 instead of within section 7. See Henderson *v.* Shreveport Gas &c. Co., 134 La. 39 (63 So. 618) ; City of Louisville *v.* Zinmeister, 188 Ky. 570 (122 S. W. 958, 10 A. L. R. 1269).

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents, and Hines, J., absent for providential cause.*