WESCO COMPANY *v.* STATE REVENUE COMMISSION *et al.*

ATKINSON, J.   In the act of 1929 (Ga. L. 1929, p. 103), entitled "An act to provide for the raising of public revenue by a tax upon the privilege of engaging in certain occupations," etc., section 3 provides, in part: "That upon every person engaging or continuing within this State in the business of manufacturing, compounding, or preparing for sale, profit, or use any article, substance or substances, commodity or commodities, the amount of such tax to be equal to the value of the articles manufactured, compounded, or prepared for sale, as shown by the gross proceeds derived from the sale thereof by the manufacturer or person compounding or preparing the same (except as hereinafter provided), a tax of one half of one mill on the dollar thereof." Section 7 provides, in part: "That upon every person engaged or continuing within this State in any and every business not included in the preceding sections there is levied and shall be collected a tax equal to two mills on the dollar of the gross receipts of any such business." A contractor during the years 1930-1931 performed certain contracts with the State of Georgia for the construction of certain roads finished with asphalt surface, and received the contract price. The construction (except the asphalt surface) was done by a subcontractor. The surface was constructed by the contractor. In performing this part of the contract the contractor erected asphalt manufacturing plants of portable type at points convenient to the roads which had already been constructed by the subcontractor, and were the roads intended to be surfaced. Sandstone and asphalt cement were put through these plants, heated, dried, and mixed in the proper proportion, and then loaded on trucks and carried to the road and used in accomplishment of surfacing the road under the terms of the contract. The operation thus described including the cost of the material constituted approximately 90 per cent. of the cost of surfacing in performing the contract. The gross receipts derived by the contractor from performance of the entire contract amounted to large sums, which the officers of the State proceeded to tax under the above-quoted provisions of section 7 of the act of 1929. The contractor brought suit to enjoin collection of the tax, on the ground that the gross receipts derived from the asphalt surfacing were taxable under the above-quoted section 3 of the act, and consequently were not taxable under the said section 7; and on the further ground, that however classed, the receipts for construction by the subcontractor preparatory for surfacing should be deducted from the amount assessed

480

against the contractor. The court sustained a general demurrer to the petition, and the plaintiff excepted. *Held:*

1. The contract, in so far as relates to surfacing the road, was without regard to where or how the contractor acquired the material for accomplishing the result. The State was not merely the purchaser of material prepared by the contractor, and the contract would not have been performed by merely manufacturing and furnishing the material. The subject of the contract was the completed surfacing of the road, into which entered proper material skillfully applied to bring about the result. It is this result which entitles the contractor to his pay and gives character to his receipts derived from performance of the contract.

(a) In the circumstances the making of the mixture that was placed on the road was incidental, and will not classify the receipts by the contractor as coming within the provisions of section 3 of the act on the ground, as contended, that they were derived from operation of a manufacturing enterprise or other manipulations as provided in that section of the act.

(b) The case differs from *Georgia Paper Stock Co.* v. *State Tax Board,* 174 *Ga.* 816 (164 S. E. 197), which decision dealt merely with construction of these sections of the act and its application to sale of certain articles after having been prepared for sale by the plaintiff, and did not relate to receipts from a contract of the character involved in the instant case.

2. All the gross receipts in question were properly taxable against the contractor under section 7 of the act, and the judge did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 9576. FEBRUARY 17, 1934.

Ralph R. Quillian and Dillon, Calhoun & Dillon, for plaintiff.

J. T. Goree and B. D. Murphy, assistant attorneys-general, and John A. Smith, for defendants.