22906. WHITLEY *v.* STATE REVENUE COMMISSION.

DECIDED FEBRUARY 24, 1934.

*Howell, Heyman & Bolding, L. M. Wyatt, M. U. Mooty,* for plaintiff in error.

*Lawrence S. Camp, M. J. Yeomans, attorneys-general, William K. Meadow, J. T. Goree, B. D. Murphy, John A. Smith,* contra.

MACINTYRE, J. J. E. Whitley, doing business as Whitley Construction Company, filed an affidavit of illegality to a tax execution issued against him by the State Revenue Commission. The judge of the superior court, passing upon the case without the intervention of a jury, found the issue presented in favor of the State Revenue Commission, and Whitley excepted. The effect of the ruling of the trial court was to hold that Whitley was subject to be taxed under section 7 of the act of 1929 (Ga. L. 1929, p. 103), while he contends that he was subject to be taxed only under section 3 of that act. Section 3 of the act provides in part: "That upon every person engaging or continuing within this State in the business of manufacturing, compounding, or preparing for sale, profit, or use any article, substance, or substances, commodity or commodities, the amount of such tax to be equal to the value of the articles manufactured, compounded, or prepared for sale, as shown by the gross proceeds derived from the sale thereof by the manufacturer or person compounding or preparing the same (except as hereinafter provided), a tax of one half of one mill on the dollar thereof." Section 7 provides: "That upon every person engaged or continuing within this State in any and every business not included in the preceding sections *there is* levied and shall be collected a tax equal to two mills on the dollar of the gross receipts of any such business." Whitley entered into a contract to do certain paving for the State of Georgia. This contract was performed, and the controlling question is as stated above. It appears from the record that Whitley's contract was not to do the work of grading the road, but that his work began after the road was ready for paving. He furnished the sand, cement,

stone, and gravel which went into the paving, and also furnished machinery for mixing the same. He was not engaged in the business of selling or mixing concrete, but prepared the mixture for his own use in carrying out his own contracts.

In *Wesco Co.* v. *State Revenue Commission,* 178 *Ga.* 479 (173 S. E. 404), the facts are so similar to the facts of the instant case that the decision cited absolutely controls this case. It was there ruled as follows: "The contract, in so far as relates to surfacing the road, was without regard to where or how the contractor acquired the material for accomplishing the result. The State was not merely the purchaser of material prepared by the contractor, and the contract would not have been performed by merely manufacturing and furnishing the material. The subject of the contract was the completed surfacing of the road, into which entered proper material skilfully applied to bring about the result. It is this result which entitles the contractor to his pay and gives character to his receipts derived from performance of the contract. . . In the circumstances the making of the mixture that was placed on the road was incidental, and will not classify the receipts by the contractor as coming within the provisions of section 3 of the act on the ground, as contended, that they were derived from operation of a manufacturing enterprise or other manipulations as provided in that section of the act. . . All gross receipts in question were properly taxable against the contractor under section 7 of the act, and the judge did not err in dismissing the petition on general demurrer."

We hold that the trial judge did not err in finding in favor of the traverse and against the affidavit of illegality.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*