## 31435. UNION CENTRAL LIFE INS. CO. *v.* FULTON NATIONAL BANK, executor.

DECIDED MARCH 1, 1947.

*Grover Middlebrooks, J. H. Currie,* for plaintiff in error.
*Edwin L. Sterne,* contra.

MacINTYRE, J. ■ Only one question is presented for determination by this court, that is, where an assured is a fare-paying passenger aboard a regularly scheduled airline passenger flight, and meets death as a result of a crash of the aircraft into a mountain, is the beneficiary of the deceased precluded from recovering double indemnity because of the following clause in the contract of insurance: "Death is not a risk hereby assumed if it results directly or indirectly (a) *from* military or naval service in time of

war or relief service in connection therewith, or (b) *from* service in or about or *from* travel or flight in any species of aircraft; or *from* service in or about or *from* travel or descent in a submarine." (Italics ours.)

The plaintiff admits that the above clause could be interpreted to mean that the defendant will not pay double indemnity if death results (1) from service in or about . . any species of aircraft, or (2) . . from travel or flight in any species of aircraft; but the plaintiff insists that the clause is also subject to other interpretations. The plaintiff contends that the word "service," which has an occupational significance, is tied in with "travel or flight," and that the whole is tied together. It is contended that the words, "in or about or from," all apply to the following words, "travel or flight," and that the words, "travel or flight," are connected with "service" by three prepositions in the disjunctive, "in," or "about," or "from," thus: (1) service in . . travel or flight, (2) service . . about . . travel or flight, and (3) service . . from travel or flight. The plaintiff is of the opinion that service in travel or flight should cover such service as that of a pilot or stewardess. which service is rendered while the plane is in flight; that service about travel or flight refers to service connected with the travel or flight, such as service in the preparation for the take-off, etc.; and that service from travel or flight refers to service resulting from the travel or flight, such as filling the gas tanks during a stop-over preparatory to the next part of the flight. The plaintiff contends that it is not any service, but only such service as has some connection with travel or flight, and that it is not any travel or flight, but only such travel or flight as is connected in some way with service, which will exclude recovery.

The plaintiff insists further that—since the word "service," as used in paragraph (a) of the clause of the policy under consideration, has reference to service with the armed forces in time of war, and since paragraph (b) of the same clause makes no mention of war and might be taken to refer to times other than times of war, or times of peace—paragraph (b) refers to service in the armed forces in times of peace, and would include only service in aircraft or submarines.

"While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally im-

portant, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations." Williams *v.* Union Central Life Insurance Co., 291 U. S. 170 (8) (54 Sup. Ct. 348, 78 L. ed. 711, 92 A. L. R. 693).

"Contracts of life insurance, like other contracts, must be construed according to the terms that the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense." Bergholm *v.* Peoria Life Ins. Co., 284 U. S. 489 (1) (52 Sup. Ct. 230, 76 L. ed. 416).

We can not agree with the contentions of the plaintiff. It is unquestionably true that, if a policy of insurance is so drawn as to require interpretation, and is fairly susceptible of two different constructions, the one will be adopted most favorable to the insured. *Johnson* v. *Mutual Life Insurance Co.,* 154 *Ga.* 653 (115 S. E. 14); *Mitchell* v. *Federal Life Insurance Co.,* 57 *Ga. App.* 206 (194 S. E. 921); *Ætna Life Insurance Co.* v. *Padgett,* 49 *Ga. App.* 666 (176 S. E. 702); *Reynolds* v. *Wingate,* 164 *Ga.* 317 (138 S. E. 666); *Smith* v. *State,* 15 *Ga. App.* 536, 538 (83 S. E. 886); *John Church Company* v. *Ætna Indemnity Co.,* 13 *Ga. App.* 826, 832 (80 S. E. 1093); *Liverpool & London &c. Insurance Co.* v. *Georgia Auto & Supply Co.,* 29 *Ga. App.* 334 (115 S. E. 138). But in the instant case we are of the opinion that the clause of the policy under consideration is clear and unambiguous, and is fairly susceptible of only one interpretation; that is, that the death of the plaintiff's testator was not a risk of double indemnity assumed in the policy in suit. We are of the opinion that the word "or" as used in the phrase, "from service in or about or from travel or flight in any species of aircraft," was used in its natural meaning as a connective to mark off and separate alternative ideas. *Georgia Paper Stock Co.* v. *State Tax Board,* 174 *Ga.* 816 (164 S. E. 197).

When we consider the context of the phrase, "or from travel or flight in any species of aircraft," in the part of the complex sentence here in question, such phrase appears to have been separated from the preceding phrase by the words, "or from." It is significant that the word "from" is used here as elsewhere in this sen-

tence after the word "or" to mark off and separate further this phrase from the other phrases in the sentence.

It seems to us that this complex excepting sentence in the double-indemnity feature of the insurance policy, which states that death is not a risk hereby assumed if it results from several different situations or either of them, is broken down into several separate phrases, each expressing an idea separate from the preceding and subsequent one, by the words, "or from," and particularly marked off by the use of such word "from." These separate ideas expressed are that death is not a risk assumed when it results: (1) from military or naval service in time of war or relief service in connection therewith, (2) or from service in or about any species of aircraft, (3) or from travel or flight in any species of aircraft, (4) or from service in or about a submarine, (5) or from travel or descent in a submarine.

No case has been cited by either party, and we have found none in which the liability-exclusion clause is in precisely the same words as in the present case, but in Clapper v. Ætna Life Ins. Co., 157 Fed. 2d, 76, the court states, that "here the language of the policy is, as we have pointed out, somewhat different, and as it is written it relieves the insurer of liability in consequence of death resulting from—an aeronautic flight. If the words used had been 'resulting from—a flight,'—the case would be simple, for it is obvious that the death of Mr. Clapper was in consequence of—a flight."

■ We are of the opinion that the death of the plaintiff's testator was not a risk of double indemnity assumed under the provisions of the policy of insurance now under consideration. The court erred in holding to the contrary and in overruling the general demurrer to the petition.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*