**FARON v. PENN MUT. LIFE INS. CO.**

Civ. A. No. 6180.

District Court, W. D. Pennsylvania.

April 21, 1948.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. The plaintiff is an individual and a citizen of the State of New York who resides at 17 Jefferson Place, Hempstead, Long Island. She is the widow of Winfield Scott Faron, deceased.

2. The defendant, the Penn Mutual Life Insurance Company, is a citizen of the State of Pennsylvania, being a corporation duly organized and existing under the laws of Pennsylvania, and having a place of business at Pittsburgh, Pennsylvania.

3. On May 12, 1937, the defendant issued to Winfield S. Faron its written contract of insurance No. 1994456 in the face amount of $5,000.

4. Said policy, No. 1994456, included a provision for the payment of double indemnity upon receipt of due proof "that the death of the Insured resulted solely from bodily injuries effected directly and exclusively by external, violent and accidental means, * * * prior to termination of this Agreement and within ninety days after such injuries were sustained, * * *" unless "the death of the Insured resulted directly or indirectly * * * from aeronautic or submarine casualty * * *."

5. On June 17, 1940, the defendant issued to Winfield S. Faron, designated therein as Scott Faron, its written contract of insurance No. 2281241 in the face amount of $5,000.

6. Said policy No. 2281241, included a provision for the payment of double indemnity upon receipt of due proof "that the death of the Insured resulted solely from bodily injuries effected directly and exclusively by external, violent and accidental means, * * * prior to termination of this Agreement and within ninety days after such injuries were sustained * * *," unless "the death of the Insured resulted directly or indirectly * * * from service, travel or flight in, or contact with, any species of aircraft; * * *."

7. The said Winfield Scott Faron, in his lifetime, paid the stipulated premiums upon the said polices and performed all things on his part to be fulfilled, according to the tenor and effect of said policies.

8. The said Winfield Scott Faron was killed on the eighteenth day of January, 1945, while traveling as a fare-paying passenger in an aircraft of the Eastern Airlines on a regularly scheduled flight when the aircraft burst into flames in mid-air near the Town of Cheshire in the State of Connecticut.

9. Proofs of the death of the said Winfield Scott Faron were duly furnished to said defendant.

10. The defendant has paid to the plaintiff the face value of $5,000.00 on each of the above policies.

11. The defendant has refused to pay the double indemnity benefit of $5,000 on either policy.

## Conclusions of Law.

I. The death of Winfield Scott Faron did not result directly of indirectly from aeronautic casualty.

II. The death of Winfield Scott Faron did result directly from travel or flight in, or contact with a species of aircraft.

III. Plaintiff is entitled to judgment against the defendant in the sum of $5,000.-00 with interest on policy No. 1994456.

IV. Plaintiff is not entitled to judgment on the claim based upon policy No. 2881241.

## Discussion.

This action is based upon two insurance policies, each of which provided for the payment of $5,000 upon proof of death of Scott Faron, and for the payment of an additional $5,000 in case of proof that death was due exclusively to external, violent and accidental means not excepted by the policies.

The defendant moved to dismiss the complaint upon the ground that it failed to state a claim upon which relief could be granted. When this motion was denied, defendant filed an answer admitting the allegations of the complaint and adding the relative provisions of the double indemnity clauses. Thereafter, the parties stipulated and agreed that the complaint and answer with the exhibits attached thereto should constitute the entire record in the case.

The face amount of the policies has been paid, and the present action is upon the accidental death provision in each policy.

Policy No. 1994456, provided for the payment of an additional $5,000 upon receipt of proof that death resulted solely from bodily injuries caused directly and exclusively by external, violent and accidental means "unless the death of the insured resulted directly or indirectly * * * from aeronautic or submarine casualty * * *."

The exception to liability in policy No. 2281241 differed in wording from that in policy No. 1994456, and was as follows: directly or indirectly " * * * from service, travel or flight in, or contact with, any species of aircraft, * * *."

By the statement of claim it appears that the insured, Winfield Scott Faron, was

killed while riding as a fare-paying passenger on a regularly scheduled flight in a commercial passenger aircraft of the Eastern Airlines when the aircraft crashed near the Town of Cheshire, Connecticut.

■ Policy No. 2281241 presents no difficulty. "Service, travel or flight in, or contact with, any species of aircraft" is not ambiguous, and includes the insured, who was killed while in travel and flight in a species of aircraft.

In Union Central Life Insurance Co. v. Fulton National Bank, 74 Ga.App. 844, 41 S.E.2d 789, the same double indemnity clause (supra) was considered by the court and held to prevent recovery by the beneficiary. The opinion is reflected in the conclusions of this court. The Union Central Life case (supra) was the only one the court found which had substantially the same double indemnity clause as had Policy No. 2281241. Plaintiff has no right to recover on that part of the claim based on this policy and judgment thereon will be entered for defendant.

■ Policy No. 1994456, however, presents a somewhat different question. It provides for the payment of double indemnity upon proof of death resulting from injuries by external, violent and accidental means unless "the death of the insured resulted directly or indirectly * * * from aeronautic or submarine casualty * * *."

The court has examined a large number of cases, decided in many jurisdictions, wherein beneficiaries under insurance policies sought to recover for the death of the insured, as a passenger in an aeroplane casualty under the accident provisions of the policies. In practically all of them the term "aeronautic" or "aeronautics" appeared. In some of them, following the language of the policies under which the defendants were denying liability, the courts were considering verbiage such as "participating in aeronautics", or "engaging in aeronautic operations", or "engaging as a passenger or otherwise in aeronautic operations". The examination of these cases, considered as a whole, furnished no authority for a definite decision, because many of the courts found an ambiguity to exist in the word "aeronautic" or "aeronautics" and allowed recovery under the policies, while almost an equal number of equally respectable courts failed to find any ambiguity and denied the liability of the defendants.

Some of the courts which found ambiguities to exist based their findings on the definitions of "Aeronautic" or "Aeronautics"; others on the words "expedition" or "operation" preceded by "aeronautic". All of them, however, really founded their decisions upon dictionary definitions of "aeronautics". Counsel in the instant case has quoted the Century Dictionary as follows: "Aeronautics: The science or art of aerial navigation as by means of a balloon, gliding machine or aeroplane", and also Funk and Wagnalls New Standard Dictionary which defines aeronautics thus: (1) The branch of aerostatics which treats of floating in or navigating the air as in an airship or aeroplane; (2) The art or practice of sailing or floating in the air; ballooning." Acting upon definitions such as quoted, perhaps a majority of the courts, considering insurance policies wherein defendant was denying liability, have held that "aeronautics" was a science or art, the practice of which was in the charge of a skilled operator, and that the term in itself precluded a passenger in an aeroplane from consideration as engaged in or participating in aeronautics.

In Policy No. 1994456, the clause upon which defendant relies differs in verbiage from all other cases examined which deal with similar facts. It reads: "This double indemnity benefit shall not be payable if the death of the insured resulted directly or indirectly * * * from aeronautic or submarine casualty."

Close to the clause above quoted was that in Clapper v. Aetna Life Insurance Co., 81 U.S.App.D.C. 246, 157 F.2d 76, in which the defendant relied upon an exception to double indemnity that provided that death had not resulted "from an aeronautic flight or submarine descent * * *." In the instant case, death resulted from an "aeronautic casualty" and in Clapper v. Aetna Life Ins. Co. from an "aeronautic flight. The tangible facts are parallel.

In Clapper v. Aetna Life Insurance Co., supra, the court (opinion by Groner, C. J.,

C.C.A. Dist. of Columbia) stated: "If the words used had been 'resulting from—a flight'—the case would be simple, for it is obvious that the death of Mr. Clapper was in consequence of—a flight." Interpreting "aeronautic" as a scientific and limiting word, however, the opinion declared that the clause did not apply to a passenger in an aeroplane and permitted a recovery by plaintiff. This case is supported by a number of others wherein the reasoning is substantially the same as in it. Confronted by this authority the court will resolve its personal doubts regarding the meaning of Policy No. 1994456 and order judgment to be entered in favor of plaintiff on the portion of the claim which is based on that policy.

### Order for Judgment.

And now, to wit, April 21, 1948, the above entitled cause having come on to be heard, upon consideration thereof, it is ordered and adjudged that judgment be entered in favor of Gladys Faron, plaintiff, and against the defendant, Penn Mutual Life Insurance Company, in the sum of $5,000 with interest on policy No. 1994456; and it is further ordered that judgment be entered in favor of the defendant, Penn Mutual Life Insurance Company, and against Gladys Faron, plaintiff, on policy No. 2281241.