### FARON v. PENN MUTUAL LIFE INS. CO.
### No. 9711.

United States Court of Appeals
Third Circuit.

Argued Dec. 20, 1948.

Decided August 5, 1949.

Sherman T. Rock, Pittsburgh, Pa. (Henry P. Hoffstot, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellant.

Sebastian C. Pugliese, Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and KALODNER, Circuit Judges.

**BIGGS, Chief Judge.**

Jurisdiction in the case at bar is based on diversity of citizenship. The plaintiff, Winfield Scott Faron's widow, is a citizen of New York. The Penn Mutual Life Insurance Company ("Mutual") is a corporation of the State of Pennsylvania. Mr. Faron was insured by Mutual by a policy issued in 1937. He was killed while riding as a fare-paying passenger on a regularly scheduled flight in a commercial passenger aircraft of Eastern Airlines when the airplane crashed near Chesire, Connecticut, on January 18, 1946. The policy is in the face amount of $5,000 and has a clause providing for the payment of double indemnity.

This clause contained the following: "This Double Indemnity Benefit shall not be payable if the death of the Insured resulted *directly* or *indirectly* from illness or disease of any kind or from physical or mental infirmity; from the taking of poison or inhaling of gas, whether done voluntarily or otherwise; from self-destruction at any time, whether sane or insane; from the commission of a felony by the Insured; from *aeronautic or submarine casualty;* or if the injuries were sustained while the Insured was performing Military or Naval Service in time of war or riot, or police duty as a member of any Military, Naval or Police organization." (Emphasis added.)

After motions for judgment on the pleadings by both parties, a stipulation was filed providing that the record should consist of the complaint and answer and that no testimony should be submitted. The facts are not in dispute.

The court below, relying largely on the opinion of Mr. Chief Justice Groner in Clapper v. Aetna Life Insurance Co., 81 U. S.App.D.C. 246, 157 F.2d 76, which construed the term "aeronautic" as "a scientific and limiting word", held that Mrs. Faron was entitled to double indemnity. See 77 F. Supp. 228, 231. Mutual has appealed.

The question, whether the insurer is liable under the double indemnity provision of the policy, must be determined by the law of New York for the reasons which follow. There is no proof as to where the policy was delivered. The record shows clearly, however, that the insured's residence was in New York. In New York Life Ins. Co. v. Levine, 3 Cir., 138 F.2d 286, 288, we said, "Under the Pennsylvania conflict of laws rule the interpretation of a contract is determined by the law of the place of contracting. In Pennsylvania it

is held that the place of contracting in the case of an insurance contract is the place where the policy was delivered. In the absence of proof as to where the policies were delivered it is presumed that delivery took place at the insured's residence."

This court in numerous cases decided since 1938, that is to say, since the decision of the Supreme Court in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 1188, 114 A.L.R. 1487, has pointed out the necessity of applying the law of the State required to be applied by the conflict of laws rule. Though the briefs in the instant case cite numerous decisions and authorities, no particular emphasis has been put by either party upon the law of New York to which we must look in the instant case and counsel have failed to bring that law into focus. It is not really helpful to refer to the case at bar as one "of first impression" because no decision can be cited in which the precise language of the exclusion clause *sub judice* was involved. It would be more realistic and helpful if counsel would direct the attention of the court to such New York authority or authorities as may afford pertinent analogy. The court deems rehearing to be desirable and, *sua sponte*, will order it to the end that counsel may brief and argue as suggested the question presented in the light of the law of New York.