### A03A0313. CITY OF BUFORD v. GWINNETT COUNTY.
(585 SE2d 122)

BARNES, Judge.

After the City of Buford annexed and rezoned a piece of property, Gwinnett County filed a declaratory judgment action seeking to have the annexation voided. The County argued that the property was not "contiguous" as defined by OCGA § 36-36-31, being separated from the city boundary by three parcels of property, including one owned by Georgia Power Company. The trial court agreed with the County and declared the annexation void. The City appeals, contending that the trial court erred. For the reasons that follow, we affirm the trial court's decision to void the annexation.

DEC-Mall of Georgia Court, LLC, the owner of 2.38 acres of land in Gwinnett County, petitioned the City to annex its property and rezone it from OI to C2. DEC was considering building a drive-through bank and a restaurant on the property, and Gwinnett County had a rezoning moratorium that would have delayed an attempt to rezone the property through the County. The City notified the County of the proposed annexation, and the County objected, stating its concern that the property was not "contiguous" because it was separated from the city boundary by three separate parcels of property, and further objecting to the proposed rezoning.

Meanwhile, the City Planning and Zoning Board approved the annexation and rezoning, as did the City Commission, which passed an ordinance annexing the property. Gwinnett County then petitioned for a declaratory judgment that the City's annexation was void. The parties stipulated the facts and authenticity of documents at a hearing before the trial court, which then granted the County's petition and declared the annexation void.

1. Because the parties stipulated the facts upon which the trial court based its decision, we review the trial court's decision on the interpretation of the annexation statute for plain legal error. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

A city may only annex an area that is adjacent or contiguous to its boundaries. OCGA § 36-36-21. A "contiguous area" is any area that abuts directly on the municipal boundary or is separated from the municipal boundary

> by lands owned by the municipal corporation, by lands owned by a county, or by lands owned by this state or by the

definite width of (1) any street or street right of way, (2) any creek or river, or (3) any right of way of a railroad or other public service corporation.

OCGA § 36-36-31 (a). In this case, the property is separated from the city boundary by three parcels of land: one owned by the County, one owned by Georgia Power, and one over which the Georgia Department of Transportation has a right-of-way for the proposed Northern Arc. The trial court held that

> in using the word "or" rather than "and" to separate the types of properties that can lie between municipal property and property to be annexed without breaking the chain of contiguousness, the General Assembly meant to allow only one parcel to interrupt the physical abutment, and did not intend to allow properties to be "stacked," simply because they can all be placed into one of the categories. . . . The natural meaning of the word "or," where used as a connective is to mark an alternative and present choice, implying an election to do one of two things. *Georgia Paper Stock Company v. State Tax Board of Georgia*, 174 Ga. 816, 819 (164 SE 197) (1932). It does not imply an election to choose more than one. In *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996), the Supreme Court held[,] "[W]here a legislative provision is phrased in the disjunctive, it must be so construed absent a clear indication that a disjunctive construction is contrary to the legislative intent." Defendants have not shown that a disjunctive construction is contrary to legislative intent.

Therefore, the trial court held, the annexation was improper because the annexed property was separated from the city boundary by more than one parcel of land that fell within the exceptions listed in OCGA § 36-36-31 (a).

The cases cited by the trial court in reaching its decision address issues different from the one before us now. The question we consider is whether the statute forbids a city from stacking multiple properties that fall within the listed exceptions, not whether a single intervening property must fall within more than one of the exceptions. In *Ga. Paper Stock Co.*, supra, 174 Ga. at 819, the Supreme Court determined who was subject to a tax pursuant to a statute that "applie[d] to persons engaged in the business of manufacturing, compounding, *or* preparing for sale, profit, or use." (Emphasis supplied.) In concluding that a person need·not be in the business of manufacturing *and* compounding *and* preparing for sale, the court noted that the word

"or," used as a connective, marks " 'an alternative and present choice, implying an election to do one of two things. "Or" is never construed to mean "and" when the evident intent . . . would be thereby defeated.' " Id.

Similarly, in *Gearinger v. Lee*, supra, 266 Ga. at 169 (1), the court construed a statute providing that a probation violation can result from "the commission of a felony offense *or* the violation of a special condition." (Emphasis omitted.) OCGA § 42-8-34.1 (c). Citing *Ga. Paper Stock Co.*, the court noted that "[t]he natural meaning of 'or,' where used as a connective, is to mark an alternative and present choice, implying an election to do one of two things," and held that a probation violation "can result from two separate, alternative possibilities: the commission of a felony offense or the violation of a special condition," and the violation of a special condition need not be the equivalent of a felony. (Punctuation omitted.) *Gearinger v. Lee*, supra, 266 Ga. at 169 (2).

The issue before us in construing OCGA § 36-36-31 (a) is not whether the "or" in the statute should be construed to mean "and" so that a single piece of property must meet all of the criteria listed. Clearly, the legislature did not intend for intervening property to meet all of these criteria before property may be considered contiguous. Therefore, the legislature's use of the word "or" to separate the categories of property is used in the disjunctive, not the conjunctive. But that is not the same as saying that the subject property may only be separated by one parcel that meets one of the requirements in the Code, only that each property need not meet all of the stated criteria. The statute simply does not address whether a city may annex property separated by more than one piece of property, each of which meets one of the criteria set forth, and we have found no cases that directly address this issue.

Therefore, we look to the overall legislative intent of the statutes allowing cities to annex property that is not literally contiguous, and then "give it that construction which will effectuate the legislative intent and purpose." (Citation and punctuation omitted.) *Sawnee Elec. Membership Corp. v. Ga. Public Svc. Comm.*, 273 Ga. 702, 704 (544 SE2d 158) (2001). "We also recognize that legislative exceptions in statutes are to be strictly construed and should be applied 'only so far as their language fairly warrants.' " Id.

As the Supreme Court has said, "the General Assembly has intended a liberal policy in the area of annexation by municipalities, seeking to leave such matters primarily under local control. [Cit.]" *Higdon v. City of Senoia*, 273 Ga. 83, 86 (3) (538 SE2d 39) (2000). OCGA § 36-36-10 provides, "It is the express intent of the General Assembly in enacting the provisions of this chapter to provide for alternative methods for annexing or deannexing an area or areas

into or from the corporate limits of a municipality." As the parties and court discussed in this case, if the City were not able to move across these categories of property to annex property, then its limits would be forever bound by any river, creek, utility or railroad right-of-way, or any state or county property or street. Considering the General Assembly's liberal policy of allowing local control of municipality annexation, we see no reason to construe OCGA § 36-36-31 (a) to allow annexation across only one of the enumerated criteria of land across which a municipality may annex property. To hold otherwise would mean that a city would be bound by a creek next to a railroad right-of-way, or by a state road next to a piece of county property, a result we think the General Assembly did not intend. Accordingly, we conclude that the trial court erred in holding that the City may not annex property separated by more than one parcel of land as described in OCGA § 36-36-31 (a).

2. The real estate owned in fee simple by Georgia Power, however, does not fall within any of the exceptions described in OCGA § 36-36-31 (a). While the statute allows a city to annex property that "would directly abut the municipal boundary if not otherwise separated, in whole or in part, from the municipal boundary by . . . the definite width of . . . any right of way of a . . . public service corporation," Georgia Power's 15.46-acre property is not a right-of-way. Counsel for the County mentioned during argument that the utility will build or has built a substation to power the Mall of Georgia on some portion of the property, the remainder of which fronts the Mall of Georgia Boulevard, but the deed itself establishes that Georgia Power owns the property in fee simple.

> "In determining whether an instrument grants an easement in or conveys title to the land embraced therein, the crucial test is the intention of the parties, and the whole instrument must be looked to, and recitals in the instrument, subject matter, object, purpose, and nature of restrictions or limitations, if any, or the absence of such, and attendant facts and circumstances of the parties at the time of making the instrument are all to be considered. [Cits.]"

*Dept. of Transp. v. Knight*, 238 Ga. 225, 228 (232 SE2d 72) (1977). "The crucial test is the intention of the parties." (Citation and punctuation omitted.) *Daniel v. Ga. Power Co.*, 146 Ga. App. 596, 599 (4) (247 SE2d 139) (1978). The only evidence in the record regarding the intent of the parties in making the deed is the deed itself, in which the grantor conveys to Georgia Power "the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to

the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE." The deed says nothing about granting a right-of-way to Georgia Power. With this deed, Georgia Power would be able to sell the land outright to someone else, which would result in the annexed property being separated from the city boundary property by a parcel of land that does not fall within any of the excepted categories in OCGA § 36-36-31 (a). The property would thus become an isolated municipal island, a result the General Assembly surely did not intend.

Accordingly, because the property annexed by the City is separated by property owned in fee simple by Georgia Power, the trial court did not err in declaring that its annexation was void.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 24, 2003 —
RECONSIDERATION DENIED JULY 10, 2003 — 

*Chandler & Britt, Gregory D. Jay*, for appellant.
*Glenn P. Stephens*, for appellee.

