**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**January 7, 2022**

# In the Court of Appeals of Georgia

A21A1352. GILES v. THE STATE.

DOYLE, Presiding Judge.

Dillon Giles appeals from an order denying his motion to discharge a first-offender offense following the end of his term of probation for that offense. He argues that the trial court erred by not discharging him because his term of probation had ended-and he had not otherwise been adjudicated guilty of the underlying offense during the pendency of his first-offender sentence. Because the applicable statutory scheme requires that such a defendant be discharged, we agree and reverse.

The record is undisputed and shows that in 2007, Giles entered a negotiated guilty plea to one count of statutory rape for having sex with a thirteen-year-old girl while he was seventeen. In June 2007, the trial court entered an order sentencing

Giles to ten years of probation under the First Offender Act.[1] In that order, the trial court noted that no adjudication of guilt was being entered at that time.

In May 2012, after Giles failed to register as a sex offender,[2] the State filed a petition to modify or revoke Giles's probation. Following a hearing, the trial court entered an order in June 2012 revoking his probation (running the remainder concurrent with the new failure-to-register offense) and ordering him to serve 150-180 days in a probation detention center. The order was silent as to an adjudication of guilt on the statutory rape offense.

In June 2013, the State again filed a petition for modification or revocation of Giles's probation based on his failure to register as a sex offender and because he moved his residence without permission from his probation officer. Following a

---

[1] OCGA § 42-8-60 (2007) et seq. Both Giles and the State correctly rely on the statutory scheme in effect at the time of Giles's sentencing. See generally *Pitts v. State*, 357 Ga. App. 299, 302 (2) (850 SE2d 486) (2020) ("[T]he settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires."), quoting *Hardin v. State*, 344 Ga. App. 378, 388-389 (2) (810 SE2d 602) (2018).

[2] See generally OCGA § 42-1-12 (a) (8) (2007) ("A defendant who is discharged without adjudication of guilt and who is not considered to have a criminal conviction pursuant to Article 3 of Chapter 8 of this title, relating to first offenders, shall be subject to the [sex offender] registration requirements of this Code section for the period of time prior to the defendant's discharge after completion of his or her sentence or upon the defendant being adjudicated guilty.").

2

hearing, in July 2013 the trial court revoked his probation in accordance with OCGA § 42-8-38,[3] ordering that Giles serve the remaining three years, eight months, and six days in prison. Again, the revocation order was silent as to Giles's first-offender status, and it did not enter an adjudication of guilt as to the statutory rape charge.

In November 2020, Giles filed a pro se "Motion to Terminate First Offender Probation," stating that he was still being required to report to probation despite the termination of his sentence in January 2019. At a hearing on the motion, the State agreed that, given the passage of time, the sentence had been served in full, and the court posed the question whether Giles was entitled to discharge following his first-offender sentence with no adjudication of guilt. After further colloquy with the State, the trial court took the matter under advisement. Thereafter, the trial court entered an order denying Giles's motion, specifically ruling that Giles was not entitled to discharge because his first offender probation was revoked twice, and he was charged

---

[3] OCGA § 42-8-38 (c) (2013) provides, in relevant part, that when a probationer violates his probation, "[a]fter [a] hearing, the court may revoke, modify, or continue the probation. If the probation is revoked, the court may order the execution of the sentence originally imposed or of any portion thereof."

3

with other crimes (twice failing to register as a sex offender) during his first offender probationary period.[4] Giles now appeals.

Giles contends that he is entitled to discharge under the First Offender Act because his probation period for the offense has expired, and he has not been adjudicated guilty of the first-offender statutory rape offense. We agree.

Giles relies on the language in OCGA § 42-8-62 (a) (2007), which provides: "Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, *or upon release from confinement, the defendant shall be discharged without court adjudication of guilt*."[5] Therefore, there are three conditions under which a defendant "shall" be discharged, any one of which is sufficient:[6] fulfillment of the terms of probation, release prior to the probation period, or release from confinement. In this context, the word "shall" is "a word of

---

[4] The trial court's order referenced a 2009 guilty plea to criminal damage to property resulting in a five-year probation sentence, but the record does not reflect that the 2009 guilty plea was a basis for any revocation with respect to the first-offender statutory rape offense at issue in this case.

[5] (Emphasis supplied.)

[6] See *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996) ("The natural meaning of 'or,' where used as a connective, is 'to mark an alternative and present choice, implying an election to do one of two things.'"), quoting *Ga. Paper Stock Co. v. State Tax Bd.*, 174 Ga. 816, 819 (164 SE 197) (1932).

command," and discharge is essentially an automatic result by operation of the statute.[7]

It is undisputed that Giles's 10-year term of probation for the 2007 statutory rape offense had expired by 2020 (when he moved for a discharge), so he was no longer subject to probation or confinement based on the sentence for that offense. It is also undisputed that the record contains no adjudication of guilt as to the statutory rape offense. Accordingly, pretermitting whether Giles successfully "fulfilled . . . the terms of probation," he has been (or should be[8]) released from confinement for the statutory rape offense, and he has not been adjudicated guilty of that offense; thus, he "shall be discharged" as to that offense.[9]

The trial court ruled otherwise based on its conclusion that, despite any explicit adjudication of guilt, Giles's first offender status was revoked when the trial court

---

[7] See *State v. Mills*, 268 Ga. 873, 874-875 (495 SE2d 1) (1998) (explaining that the docketing of a notice of discharge "simply evidences the probationer's pre-existing automatic discharge and does not constitute the 'discharge' itself"). See also *Chase v. State*, 285 Ga. 693, 695 (2) (681 SE2d 116) (2009) ("Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.").

[8] Giles's pro se motion stated the he was still subject to probation reporting for that offense in 2020.

[9] See OCGA § 42-8-62 (a) (2007).

twice revoked his probation and sentenced him to confinement for failing to register as a sex offender. But this merely implicates the procedure under OCGA § 42-8-60 (b) (2007): "Upon violation by the defendant of the terms of probation, upon a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article, the court *may* enter an adjudication of guilt and proceed as otherwise provided by law."[10] This language authorizes a trial court to exercise its discretion in how to handle a probation violation or additional criminal offense. In contrast to the command language ("shall") in OCGA § 42-8-62 (a), this language is not automatic and leaves the outcome to the trial court because "in construing the language of a statute, the word 'shall' ordinarily denotes command and not permission, whereas 'may' ordinarily denotes permission and not command."[11] Thus, upon a probation violation, a defendant is not automatically adjudicated guilty of the underlying first-offender offense. The court is authorized to enter an adjudication of guilt, but it is not required to do so.

---

[10] (Emphasis supplied.)

[11] *Cartledge v. Montano*, 325 Ga. App. 322, 330 (3) (750 SE2d 772) (2013), quoting *Ring v. Williams*, 192 Ga. App. 329, 330 (2) (384 SE2d 914) (1989).

This interpretation is consistent with the law relied upon by the State, which explains the First Offender scheme:

> It is obvious that the General Assembly intended the first offender probation to have a different effect than probation in other cases. Any probationary sentence entered under this Act is preliminary only, and, if completed without violation, permits the offender complete rehabilitation without the stigma of a felony conviction. If, however, such offender does not take advantage of such opportunity for rehabilitation, *his trial which has, in effect, been suspended is continued and an adjudication of guilt is made and a sentence entered*. Unlike other probated sentences the defendant is not merely serving his sentence outside the confines of prison, but is serving a period on probation to determine whether or not the prisoner may be rehabilitated.
>
> If, by violating the terms of his probation, the defendant shows that he is not worthy of the offered opportunity for rehabilitation then, and only then is he sentenced to the penitentiary. [And because the defendant was not initially adjudicated guilty], the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing[, including a harsher sentence than the original first-offender sentence.][12]

---

[12] (Emphasis supplied.) *State v. Wiley*, 233 Ga. 316, 317-318 (210 SE2d 790) (1974).

This case presents an unusual scenario in which the defendant committed a probation violation but he was not adjudicated guilty of the underlying first-offender offense. We could say that Giles showed that he was not "worthy of the offered opportunity for rehabilitation," but the above dicta presumes that an adjudication of guilt would be entered in that scenario. Here, there was some consequence to Giles's probation violation — he served time in the penitentiary, but that consequence was independent of any judgment entered on Giles's guilt for the statutory rape offense.

In summary, the trial court revoked Giles's probation, as it was authorized to do under OCGA § 42-8-38 based on the probation violation. But the record shows that the trial court did not enter (nor did the State seek) an adjudication of guilt as to the underlying first-offender statutory rape offense. OCGA § 42-8-60 (b) (2007) states that an adjudication of guilt *can* result from a violation, but it does not *automatically* result by operation of law. Absent an order making an adjudication of guilt as to the first-offender statutory rape offense, Giles was never adjudicated guilty of that offense at the time that the probation/confinement period ended for that offense. In effect, his sentence was over, and he had not been adjudicated guilty for

8

the first offender offense. Under this scenario, Giles was subject to discharge automatically under OCGA § 42-8-62 (a) (2007).[13]

*Judgment reversed. Reese and Brown, JJ., concur.*

---

[13] See *Mills*, 268 Ga. at 875.